# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARIE WALKER,**<br>    **Plaintiff,** | **CIVIL ACTION** |
| v. | |
| **SAVE-A-LOT,**<br>    **Defendant.** | **NO. 18-95** |

**DuBois, J.**                                                                                                                                         **June 12, 2018**

## <u>M E M O R A N D U M</u>

### I.    INTRODUCTION

This is a tort action arising out of a slip and fall incident that occurred while plaintiff was shopping at a Save-A-Lot[1] grocery store in Philadelphia, Pennsylvania on December 3, 2015. Presently before the Court is Defendant, Moran Foods, LLC d/b/a Save-A-Lot, Ltd.'s, Motion for Summary Judgment. Because no reasonable jury could find that Save-A-Lot breached its duty of care owed to plaintiff, the Court grants defendant's Motion for Summary Judgment.

### II.    BACKGROUND

Plaintiff was shopping at a Save-A-Lot grocery store located in Philadelphia, Pennsylvania on December 3, 2015. Plaintiff was in the store shopping for a frozen pizza when she tripped and fell on a pallet in the middle of the frozen food aisle on which cases of water were displayed. Pl. Dep. Tr. 73: 16–20, 74: 16–24. That pallet was located approximately two feet from the door of freezer. Pl. Dep. Tr. 76: 9–10. 80: 24. Plaintiff walked towards the pallet on her way to the freezer and placed her cart next to the pallet. *See* Def.'s Mot. for Summary Judgment, Ex. E. After examining the contents of the freezer, plaintiff stepped backwards, away

---

[1] Save-A-Lot is a corporation under the name of Moran Foods, LLC.

from the freezer, and tripped over the pallet. *Id.* She claims she did not see the pallet, as she was focused on looking for the frozen pizza. Pl. Dep. Tr. 82: 13–16; 83: 15–17. As a result of her fall, plaintiff alleges that she injured her ankle, back, and shoulder. Compl. at ¶ 10.

### III. LEGAL STANDARD

#### A. Motion for Summary Judgment

The Court will grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "[T]he judge's function is not himself to weight the evidence and determine the truth of the matter but to determine whether . . . there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249. The existence of a "mere scintilla" of evidence in support of the nonmoving party is insufficient. *Id.* at 252. In considering a motion for summary judgment, "the [C]ourt is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 467 F.3d 180, 184 (3d Cir. 2007).

#### B. Negligence and Premises Liability

"The elements necessary to plead an action in negligence are: the existence of a duty or obligation recognized by law; a failure on the part of the defendant to conform to that duty, or a breach thereof; a causal connection between the defendant's breach and the resulting injury; and

actual loss or damage suffered by the complainant." *Orner v. Mallick*, 527 A.2d 521, 523 (Pa. 1987).

Under Pennsylvania law, possessors of a premises "owe a duty to protect invitees from foreseeable harm;" that is, possessors owe a duty when the possessor "knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee." *Craig v. Franklin Mills Assocs., L.P.*, 555 F. Supp. 2d 547, 549 (E.D. Pa. 2008) (quotation marks and citations omitted). To show that the possessor of the premise knew or, through reasonable care, should have known of the harmful condition, the invitee must present evidence that the possessor "had a hand in creating the harmful condition," had actual notice, or had constructive notice of the harmful condition. *Estate of Swift v. Ne. Hosp. of Phila.*, 690 A.2d 719, 723 (Pa. Super. Ct. 1997) (citation omitted).

## IV. DISCUSSION

Defendant moves for summary judgment on plaintiff's negligence claim on the ground that the pallet created a known or obvious condition. The Court agrees.

Although a possessor of land owes a general duty to protect an invitee from foreseeable harm, "a possessor of land is not liable to invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." *Berrocal v. Acme Markets, Inc.*, 2016 WL 6821943 at *1 (E.D. Pa. Nov. 18, 2016) (quoting Restatement (Second) of Torts § 343A (1965)). "A danger is deemed to be 'obvious' when 'both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment.'" *Id.* (quoting *Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983). Whether a dangerous condition is known and obvious is a

typically a question of fact to be left to the jury. However, "the question may be decided by the court where reasonable minds could not differ as to the conclusion." *Carrender*, 469 A.2d at 124 (citing Restatement (Second) of Torts § 328B cmts. c, d).

In *Graham v. Moran Foods*, 2012 WL 1808952 (E.D. Pa. May 18, 2012), plaintiff walked by a pallet stacked with cases of canned food on her way to the freezer section. *Id.* While trying to make room for another customer, plaintiff took several steps backward and tripped over the pallet. *Id.* The court concluded that "reasonable minds could not differ in the conclusion that the pallet was a known or obvious condition" and that a reasonable person in plaintiff's position would have observed the pallet and merchandise. *Id.* at *4. The court also rejected plaintiff's argument that she was not paying attention to the pallets and was distracted by signs in the store on the ground that "grocery store customers must constantly be on alert" for blind spots and stacked merchandise and should exercise "more caution when taking steps backwards with a shopping cart." *Id.*

Surveillance video footage of the incident shows that plaintiff walked by one large pallet displaying cases of water as she entered the freezer section. As she continued down the aisle, she approached a second large pallet displaying cases of water—the pallet over which she fell. Each pallet displayed cases of water stacked several feet high. Plaintiff stopped her cart adjacent to the second pallet before turning to face the freezer. During the time that plaintiff looked at the contents of the freezer, plaintiff stood right next to the pallet, which displayed cases of water at plaintiff's eye level and higher. After examining the contents of the freezer, plaintiff stepped backwards and tripped over the pallet.

"It is hornbook law in Pennsylvania that a person must look where he is going." *Graham*, 2012 WL 1808952 at *4 (quoting *Villano v. Sec. Sav. Ass'n*, 407 A.2d 440, 441

(Pa.Super.Ct.1979); *see Campisi v. Acme Mkts.*, 915 A.2d 117, 119 (Pa.Super.Ct. 2006) ("customers are not relieved of the responsibility of walking for obstacles while they walk, even if they are distracted by sales displays")). In this case, as in *Graham*, reasonable minds could not differ in concluding that the pallet was a known or obvious condition that plaintiff failed to avoid by the exercise of ordinary care. The fact that plaintiff testified that she did not see the pallet because she was intent on retrieving an item from the freezer does not alter that conclusion.

Accordingly, defendant's Motion for Summary Judgment is granted.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted. An appropriate Order follows.